The writ of error in England is acknowledged to be a writ of right; and is so in my opinion in this country, on the plaintiff in error complying with the requisites called for by the Act of Assembly; and the Court has no right to decide on the errors assigned till the record is before them, which cannot be till certified by the return of the writ. In England the writ of error is returned into court before the errors are assigned — upon assignment of errors, the plaintiff prays a scire facias ad audiendumerrores, which the court sometimes refuses, if the errors assigned be not thought sufficient; but the record is then before the court, and they judge from the face of the record. The assignment of errors, and notice to the defendant required by our law, is in order that he may be prepared to proceed instanter on the return of the writ to a discussion of the errors, in order to prevent delay, by proceeding as they do in England by scirefacias.
The garnishee is party to the judgment, because immediately affected; it binds his property, which may be immediately taken in execution in consequence of it.
The case in Bac. Abr., title error B, page 198, is not warranted (369) by Broke's Abr., 187, to which it refers. In Bro. Abr., 286, C, "it is said by some, the garnishee in London, upon foreign attachment in on the custom, may have writ of error, and the plaintiff in attachment in another's hands may; for the judgment is not only against the garnishee, but the defendant also, that the other shall be discharged against him, which is the extinguishment of the debt of the defendant against the garnishee"; and cites the Year Book, 22d Ed., 4, 31. This is all I can find in Broke applicable to the subject; and serves to show that the *Page 309 
garnishee has always been considered a party to the judgment, and for that was entitled to a writ of error.
I am not acquainted with the manner of proceeding on foreign attachments in London, nor do I consider it material to be known, as our attachment is not founded on that custom, nor in any manner dependent on it, but arises out of the Act of Assembly; we must therefore be governed by the rules there laid down, and the principles arising from them. From these it appears to me that the judgment against the defendant and that against the garnishee are so connected that the one cannot exist without the other; for, unless the plaintiff find property in the hands of the garnishee, he cannot obtain judgment against the defendant; and unless he obtain judgment against the defendant, he cannot seize his property in the hands of the garnishee. So that the natural consequence of the reversal of a judgment against the defendant on attachment would be that he would have a right to demand and recover the money or other property which, by that erroneous judgment, had been condemned in the hands of the garnishee. Again, if the judgment against the garnishee is reversed, there is then nothing to support the judgment against the defendant, which must fall of course. Thus, it would appear that the two were but different parts of the same, and each part essentially necessary to the support of the other.
MACAY and TAYLOR, JJ., agreed with JOHNSTON, J., in (370)omnibus.
Writ of error allowed.
Cited: Swaim v. Fentress, 15 N.C. 604; Skinner v. Moore, 19 N.C. 149;Smith v. Cheek, 50 N.C. 216.